**STATE OF LOUISIANA**       \*       **NO. 2018-KA-0973**

**VERSUS**       \*

                   **COURT OF APPEAL**

**REGINALD JONES**       \*

                   **FOURTH CIRCUIT**

      \*

                   **STATE OF LOUISIANA**

\* \* \* \* \* \* \*

APPEAL FROM
CRIMINAL DISTRICT COURT ORLEANS PARISH
NO. 530-889, SECTION "D"
Honorable Paul A Bonin, Judge
\* \* \* \* \* \*
**On Remand from the United States Supreme Court**
\* \* \* \* \* \*
(Court composed of Judge Terri F. Love, Judge Joy Cossich Lobrano, Judge Paula
A. Brown)

Alex K. Kriksciun
ATTORNEY AT LAW
400 Poydras Street, Suite 900
New Orleans, LA 70130

AND

Rickey Nelson Jones
LAW OFFICES OF REVEREND RICKEY NELSON JONES, ESQ.
1701 Madison Avenue
3rd Floor, Suite 5
Baltimore, MD 21217

       COUNSEL FOR DEFENDANT/APPELLANT, REGINALD JONES

Leon Cannizzaro
District Attorney
Donna Andrieu
Assistant District Attorney, Chief of Appeals
Irena Zajickova
Assistant District Attorney
ORLEANS PARISH
619 S. White Street
New Orleans, LA 70119

       COUNSEL FOR APPELLEE, STATE OF LOUISIANA

                                        **REMANDED**
                                   **FEBRUARY 3, 2021**

*TFL*

*JCL*

*PAB*

The facts and procedural history of this case were set out in this Court's appellate opinion. *State v. Jones*, 18-0973 (La. App. 4 Cir. 2/27/19), ___ So. 3d ___, 2019 WL 959790. On April 2, 2018, the jury found Reginald Jones guilty of aggravated assault with a firearm, possession of a firearm by a convicted felon, and obstruction of justice. On August 2, 2018, the trial court adjudicated Mr. Jones a multiple offender on each count and sentenced him to twenty years imprisonment at hard labor. Mr. Jones appealed his convictions and sentences to this Court.

On February 27, 2019, this Court affirmed Mr. Jones' convictions and sentences, rejecting multiple assignments of error. *Jones*, 18-0973, ___ So. 3d at ___, 2019 WL 959790, *1. Mr. Jones did not raise the issue of non-unanimous verdicts on appeal. The Louisiana Supreme Court denied writs. *State v. Jones*, unpub., 19-00533 (La. 3/16/20).

On April 20, 2020, the United States Supreme Court in *Ramos v. Louisiana*, 590 U.S. ____, 140 S.Ct. 1390, 206 L.E.d.2d 583 (2020), found that the Sixth Amendment right to a jury trial, as incorporated against the States by way of the Fourteenth Amendment, requires a unanimous verdict to convict a defendant of a serious offense. The United States Supreme Court thus ruled that non-unanimous jury verdicts in state felony trials are unconstitutional.

Mr. Jones filed an application for reconsideration in the Louisiana Supreme Court on June 18, 2020, and the Louisiana Supreme Court denied the application on October 6, 2020. *State v. Jones*, 19-00533 (La. 10/6/20), 302 So. 3d 520. The dissenting opinion would have granted rehearing, finding that Mr. Jones' convictions for aggravated assault with a firearm and possession of a firearm by convicted felon were by non-unanimous verdicts.[1]

Mr. Jones thereafter sought direct review in the United States Supreme Court. On January 11, 2021, the United States Supreme Court granted certiorari, vacated the judgment, and remanded the case to this Court for further consideration in light of *Ramos*.[2] *Jones v. Louisiana*, 20-5363, 2021 WL 78045, at *1 (U.S. Jan. 11, 2021).

*Ramos* requires that this Court revisit the case, review the non-unanimous jury verdicts, and rule accordingly. *See e.g., State v. Myles*, 19-0965, p. 1 (La. App. 4 Cir. 4/29/20), 299 So. 3d 643, 644 ("His third assignment of error—that the jury's non-unanimous verdict is unconstitutional—has merit. *See Ramos v. Louisiana*, ___ U.S. ___, 140 S.Ct. 1390, 206 L.Ed.2d 583 (2020) (holding that

---

[1] Chief Justice Johnson stated in her dissent, in relevant part:

> Defendant alleges his convictions for the two most serious counts in his three count indictment, aggravated assault with a firearm and possession of a firearm by convicted felon, were by non-unanimous jury verdicts. The minute entries do not indicate whether the verdicts were unanimous. But the court reporter's notes and an e-mail confirmation from the trial judge indicates that the jury vote on those two counts was 10-2.

*Jones*, 19-00533, p. 1, 302 So. 3d at 521 (Johnson, C.J., dissent). Justice Genovese also voted to grant, but did not issue reasons.

[2] The United States Supreme Court stated:

> The motion of petitioner for leave to proceed in forma pauperis and the petition for writ of certiorari is granted. The judgment is vacated, and the case is remanded to the Court of Appeal of Louisiana, Fourth Circuit for further consideration in light of Ramos v. Louisiana, 590 U. S. —— (2020).

*Jones*, 20-5363, 2021 WL 78045, at *1.

jury verdicts in state felony trials must be unanimous). Because Mr. Myles' case is pending on direct review, the Supreme Court's decision in *Ramos* applies here").

Mr. Jones' case was pending on direct review when *Ramos* was decided. Thus, *Ramos* applies. *See Griffith v. Kentucky*, 479 U.S. 314, 328, 107 S.Ct. 708, 716, 93 L.Ed.2d 649 (1987). Mr. Jones did not raise the issue of the non-unanimous verdicts until he filed his application for rehearing in the Louisiana Supreme Court.[3] Nevertheless, the Louisiana Supreme Court, in *State v. Varnado*, 20-0356, p. 1 (La. 6/3/20), 296 So. 3d 1051, 1051, held that even if a defendant's non-unanimous jury verdict claim was not properly preserved for review at the time *Ramos* was decided, the reviewing court should nonetheless include it in its error patent review. *See also* La. C.Cr.P. art. 920(2). Therefore, Mr. Jones' failure to raise the non-unanimous verdicts is not fatal and this Court should consider the issue as part of its error patent review.

We note, however, the record is insufficient to determine whether one or more of the verdicts were non-unanimous. Although the dissenting opinion by the Louisiana Supreme Court indicated that two of Mr. Jones' convictions were by non-unanimous verdicts and Mr. Jones appears entitled to relief on those grounds, the record reflects that jury polling slips exist, but are not currently in this Court's possession. Moreover, the materials reflecting the non-unanimous verdicts are not part of the appellate record. As a result, we find the matter should be remanded to determine which verdicts, if any, were non-unanimous.

### DECREE

---

[3] *See, Jones*, 19-00533, p. 1, 302 So. 3d at 521-522 (Weimer, J., concurrence) (noting that issue of the non-unanimous verdicts was raised for the first time in an application for rehearing filed by Mr. Jones on June 18, 2020).

4

Because the polling slips are the best evidence of the jury votes, we remand the matter to the trial court to confirm which verdicts for Mr. Jones' convictions were non-unanimous. Once the vote counts are confirmed, the trial court shall provide this Court with a *per curiam* stating the outcome of its review. *See e.g., State v. Fortune*, 19-0868 (La. App. 4 Cir. 8/12/20) ___ So. 3d ___, 2020 WL4679040.

**REMANDED**